UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY SUTTER** ) | |
| ) | |
| Plaintiff ) | |
| ) | Case Number |
| vs. ) | |
| ) | |
| **NATIONAL CREDIT WORKS,** ) | **CIVIL COMPLAINT** |
| **INC. d/b/a THE LIEN CENTER,** ) | |
| **LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant ) | |
| ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Mary Sutter, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Mary Sutter, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendants transact business in this District and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Mary Sutter, is an adult natural person residing at 6352 Crossview Road, Seven Hills, OH 44131.

5. Defendant, National Credit Works, Inc. d/b/a The Lien Center, LLC ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Ohio and the Commonwealth of Pennsylvania with its principal place of business located at 1098 Bowen Drive East, Tonawanda, NY 14120 and a registered office located at 2704 Commerce Drive, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around mid June 2009, Plaintiff began to receive harassing telephone calls from Defendant's agents with regard to an alleged consumer debt, namely a Check-N-Go Payday Advance Loan.

8. Defendant's agents stated that they were calling from "The Lien Center".

9. Defendant's agents threatened Plaintiff with a lawsuit with regard to the alleged debt.

10. On or around July 14, 2009, Defendant's agent, Ms. Williams left a message stating Plaintiff's social security number.

11. Defendant's agent, Ms. Williams stated that she was calling from "National Credit Works". Defendant's agent, Ms. Williams called Plaintiff from the same number as agents purporting to be from "The Lien Center".

12. Defendant's agent, Ms. Williams mentioned Court and pending litigation numerous times.

13. On or around July 15, 2009, Defendant's agent, Ms. Williams left a second message.

14. Defendant's agent, Ms. Williams told Plaintiff that when she returned the call, Plaintiff should refer to "pending trial number 111132".

15. Defendant's agents attempted to deceive Plaintiff about their identity and the character or legal status of the alleged debt.

16. Defendant has no intention of suing the Plaintiff nor are they legally able to do so.

17. Defendant's agents failed to state the mini-Miranda to the Plaintiff.

18. Defendant has never provided the Plaintiff with the Validation Rights Notice. In fact, Defendant has never produced anything in writing with regard to the alleged debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(2), d(5), d(6), e, e(2), e(5), e(7), e(10), e(11), e(14), f, f(1), g and g(b).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, National Credit Works, Inc. d/b/a The Lien Center, LLC, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: August 6, 2009**              BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff